

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable DeWitt Greer
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. 0-2481
Re: Highway Department's
right to lease Highway
right-of-way for oil
and gas.

On June 14, 1940 we received a request from your predecessor in office for an opinion from this department on the following question:

"Would the State's title to land acquired by the State, with consideration paid by the State or county by deed using the attached right of way deed form, be such that it could legally lease it for bonus and royalties for the production of oil and gas therefrom. In the event the above question is answered in the affirmative please advise us if the powers of the Highway Commission are broad enough to authorize it to lease for bonus and royalties highway rights of way for the production of oil and gas therefrom."

The right-of-way deed form which was attached to the request is a form for an outright deed in fee simple and we are of the opinion that land purchased under this form becomes the property of the State and will not revert to the grantor should the land therein granted be later abandoned for highway or road purposes as would be the case should said right-of-way have been acquired by condemnation under the law of eminent domain, dedication, prescription or the purchase of a mere easement for road way purposes only as set out in our Opinion No. 0-521, a copy of which is attached hereto.

No authority has been granted to any one to lease a highway right-of-way for the development of oil and gas and it is doubtful if such authority had been granted whether any

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable DeWitt Greer, page 2

drilling operations could be permitted on a right-of-way so long as it is being used for road or highway purposes. See Boone, et al, vs. Clark, et al, 214 S. W. 607, and our opinion No. O-521.

The request for an opinion does not particularly refer to rights-of-way which have been abandoned for highways and road purposes as did the request on which Opinion No. O-521 was based, but we wish to point out that Article 6673a, Vernon's Annotated Texas Statutes, provides that the State Highway Commission may recommend to the Governor the sale of any right-of-way no longer needed for such highway or needed for use of citizens as a road, recommend to the Governor the fair and reasonable value of such land, and that the Governor may execute a proper deed of conveyance of same, where the land on which the right-of-way is located is owned in fee simple by the State. It further provides that the Attorney General shall approve all transfers under the Act. It is our opinion that the deed and conveyance mentioned in said statute means an outright conveyance of all of the State's interest as the following language is used:

"Conveying all of the state's right, title and interest in said land so acquired."

and for the further reason that the policy of the legislature has been to make specific and definite provisions wherein any department of the government is allowed to lease land for development of oil and gas.

It is our opinion that with respect to abandoned roads wherein the State owns the land in fee simple that it cannot be leased by the State Highway Commission for oil and gas purposes but can only be sold under the provisions of the above statute and should it be desirable for the Highway Commission to lease the abandoned rights-of-way so owned in fee simple by the State for oil and gas purposes it will be necessary for the Legislature to specifically grant such authority.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 23, 1940

ATTORNEY GENERAL OF TEXAS

By

D. D. Mahon
ASSISTANT

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN

DDM:RP